**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOUIS LANDRO<br>1531 Curtin St, Apt 2<br>Philadelphia, PA 19145<br><br>           Plaintiff,<br><br>     v.<br><br>CORPORATE INTERIORS, INC.<br>223 Lisa Drive<br>New Castle, DE 19720<br><br>          Defendant. | CIVIL ACTION COMPLAINT<br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Louis Landro (hereinafter "Plaintiff") hereby complains as follows against Corporate Interiors, Inc. (hereinafter "Defendant").

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA") and the Persons with Disabilities Employment Protections Act ("PDEPA"). Defendant harassed and fired Plaintiff because he suffers from a disability. Defendant interfered with Plaintiff's rights under the FMLA when it fired him to prevent him from taking FMLA protected leave. Defendant fired Plaintiff because he requested an accommodation in the form of medical leave due to treatment related to his disability. As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA and the

FMLA.    This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.      Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant is a business entity that does business at the captioned address.

8.      At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein as if set forth in full.

10.     On or around February 18, 2014, Defendant hired Plaintiff as a workplace consultant.

11.     Throughout Plaintiff's employment with Defendant he was a full-time employee.

12.     On or around June 21, 2015, Plaintiff suffered from a **four-part fracture humorous in his right shoulder** (hereinafter "disability").

13.     Plaintiff's disability rendered him temporarily unable to work.

14.     Plaintiff immediately informed his General Manager, Jake Leone ("Manager Leone"), of his disability.

15.     Beginning June 25, 2015, Manager Leone agreed to allow Plaintiff to work from home so Plaintiff could treat and recuperate from his disability.

16.     Plaintiff's disability required him to undergo surgery.

17.     On or around July 1, 2015, Plaintiff underwent surgery for his disability.

18.     At no time did Manager Leone, or any agent of Defendant inform Plaintiff of his right to protected medical leave under the FMLA.

19.     Throughout July 2015, Plaintiff worked from home as an accommodation for his disability.

20.     While Plaintiff worked from home, Manager Leone pressured Plaintiff to resume working from the office (rather than working from home).

21.     During one phone call, Manager Leone callously, and in an aggressive manner, stated to Plaintiff, ***"I don't care if you have to take a bus or a train, I want you in here."***

22.     Plaintiff told Manager Leone that he would return to working from the office as soon as he was medically able.

23.     On or around July 27, 2015, though not fully healed, Plaintiff was released to return to work from the office (rather than working from home).

24.     Plaintiff still required continual physical therapy for his disability.

25.     Plaintiff generally attended physical therapy twice per week: 4 PM on Tuesdays and Thursdays (Plaintiff's physical therapist was available to treat him on these days).

26.     Plaintiff's physical therapy sessions required that he leave work at approximately 3 PM on Tuesdays and Thursdays.

27.     Manager Leone was upset with Plaintiff's need to leave work early to attend physical therapy.

28.     Manager Leone continued to harass Plaintiff about his physical therapy.

29.     By way of example of Manager Leone's harassment of Plaintiff related to his physical therapy, Manager Leone would consistently ask Plaintiff, in a condescending tone, when Plaintiff would be done with physical therapy.

30.     By way of further example of Manager Leone's harassment of Plaintiff related to his physical therapy, Manager Leone would consistently ask Plaintiff, in a condescending tone, why Plaintiff's sessions couldn't be scheduled for a time more convenient for the company (a question repeatedly answered).

31.     Manager Leone also retaliated against Plaintiff for requesting an accommodation for his disability and for needing medical leave.

32.     On or around August 19, 2015, Manager Leone gave Plaintiff a write up for poor performance.

33.     In or around Late August 2015, Defendant converted Plaintiff to an hourly employee causing Plaintiff to no longer receive pay for holidays.

34.     Plaintiff continued to regularly work approximately 35 hours per week.

35.     On or around September 25, 2015, Manager Leone gave Plaintiff a write up for failing to follow the process for "No Charge Change orders".

36.     On or around November 9, 2015, Manager Leone gave Plaintiff a write up for "unsatisfactory work performance".

37.     Thereafter, Plaintiff complained to Human Resources Representative, Karen Sandone (HR Sandone), about Manager Leone's harassment due to Plaintiff's need to leave work early two days per week to attend physical therapy sessions.

38.     Prior to Plaintiff's surgery and need for accommodation, Plaintiff was never counseled or disciplined for unsatisfactory work performance.

39.     On or about January 14, 2016, Defendant fired Mr. Landro due to "unsatisfactory work performance".

40.     Defendant's reasoning for firing Plaintiff was a pretext.

41.     In actuality, Defendant fired Plaintiff due to his need for physical therapy and/or his previous need for accommodation and/or his need for protected medical leave.

### COUNT I
### Violations of the Americans with Disabilities Act ("ADA")
### (Disability Discrimination)

42.     The foregoing paragraphs are incorporated herein as if set forth in full.

43.     At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

44.     At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

45.     The ADA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

46.     Discrimination against an employee because he has a disability constitutes disability discrimination under the ADA.

47.     Defendant violated Plaintiff's rights under the ADA by firing Plaintiff because he has a disability.

48.     As a result, Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violations of the ADA
**(Failure to Accommodate)**

49.     The foregoing paragraphs are incorporated herein as if set forth in full.

50.     Plaintiff requested reasonable accommodations from Defendant in that he sought a modified work schedule (medical leave of absence plus time off from work for physical therapy).

51.     Defendant could have granted Plaintiff aforementioned accommodation without undue hardship but failed to do so.

52.     Defendant violated the ADA when it failed to provide reasonable accommodations for Plaintiff's disability.

53.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
### Violations of the ADA
**(Retaliation)**

54.     The foregoing paragraphs are incorporated herein as if set forth in full.

55.     Plaintiff requested reasonable accommodations from Defendant in that he sought a modified work schedule (medical leave of absence plus time off from work for physical therapy).

56.     Requesting an accommodation for a disability is a protected activity under the ADA.

57.     Defendant fired Plaintiff because Plaintiff requested accommodations for his disabilities.

58.     Defendant violated the ADA when it fired Plaintiff because he requested accommodations

59.     As, a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT IV**
**<u>Violations of the Family Medical Leave Act ("FMLA")</u>**
**(Interference)**

60.     The foregoing paragraphs are incorporated herein as if set forth in full.

61.     Plaintiff was an eligible employee under the definitional terms of the FMLA.

62.     At all times relevant hereto, Plaintiff was employed with Defendant for at least twelve (12) months.

63.     Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of his medical leave of absence.

64.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current proceeding, or preceding calendar year.

65.     Plaintiff required time off from work to treat his disability.

66.     Plaintiff's disability constituted a serious health condition within the meaning of the FMLA.

67.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

68.     Defendant interfered with Plaintiff's FMLA rights by firing him for having taken leave that Defendant designated and/or should have designated and treated as FMLA protected leave.

69.     Defendant interfered with Plaintiff's FMLA rights by firing him to prevent him from taking further FMLA leave.

70.     As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

**COUNT V**
**Violations of the FMLA**
**(Retaliation)**

71.     The foregoing paragraphs are incorporated herein as if set forth in full.

72.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to retaliate against Plaintiff for exercising his rights under the FMLA.

73.     Defendant retaliated against Plaintiff by firing Plaintiff for taking and requesting FMLA-qualifying absences.

74.     Defendant's retaliatory actions constitute unlawful acts under the FMLA.

75.     Defendant's violation of the FMLA was both willful and intentional.

76.     Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

**COUNT VI**
**Violations of the PDEPA**
**(Disability/Perceived Discrimination)**

77.     The foregoing paragraphs are incorporated herein as if set forth in full.

78.     At all times relevant herein, Plaintiff's disability rendered him an individual with a disability under the PDEPA.

79.     Plaintiff was also perceived by Defendant to be suffering from a disability.

80.     Plaintiff was terminated by Defendant because he suffered from a disability and/or because Defendant perceived him as being disabled.

81.     Defendant's actions as aforesaid constitute violations of the PDEPA.

## COUNT VII
### Violations of the PDEPA
**(Failure to Accommodate)**

82.     The foregoing paragraphs are incorporated herein as if set forth in full.

83.     At all times relevant herein, Plaintiff's Disability rendered him an individual with a disability under the PDEPA.

84.     Plaintiff was also perceived by Defendant to be suffering from a disability.

85.     Plaintiff was terminated by Defendant because he suffered from a disability and/or because Defendant's actions as aforesaid constitute violations of the PDEPA.

## COUNT VIII
### Violations of the PDEPA
**(Retaliation)**

86.     The foregoing paragraphs are incorporated herein as if set forth in full.

87.     Plaintiff requested reasonable accommodations from Defendant in that he sought a modified work schedule (medical leave of absence plus time off from work for physical therapy).

88.      Requesting an accommodation for a disability is a protected activity under the PDEPA.

89.     Defendant fired Plaintiff because Plaintiff requested accommodations for his disabilities.

90.     Defendant violated the PDEPA when it fired Plaintiff because he requested accommodations

91.     As, a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be permanently enjoined from discriminating against Plaintiff or anyone else on any basis forbidden by the ADA, the FMLA, and the PDEPA;

B.     Defendant is to promulgate and adhere to a policy prohibiting disability-based discrimination;

C.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

D.     Plaintiff is to be awarded actual damages as well as damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate; and

E.     Plaintiff is to be awarded punitive damages and liquidated damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future; and

F.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

G.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

H.     Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**LAW OFFICE OF A. DALE BOWERS, P.A.**

 /s/ A. Dale Bowers
A. Dale Bowers, Esquire, ID 3932
Michael B. Galbraith, ID 4860
203 North Maryland Avenue
Wilmington, Delaware 19804
302-691-3786
302-691-3790 (FAX)
dale@bowerslegal.com

DATED:  December 6, 2017

*Pro Hac Vice pending*

Daniel Horowitz, Esquire
**SWARTZ SWIDLER, LLC**
1101 Kings Hwy N, Ste. 402
Cherry Hill NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
dhorowitz@swartz-legal.com

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.